131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylvia SYLVESTER, Plaintiff-Appellant,
v.
Loy HAYES, Warden of FCI Dublin at Pleasanton, CA; Steve
Jairett, Supervisor of Records at FCI Dublin at
Pleasanton, CA; Jane Does 1-3; John
Does 1-3, Defendants-Appellees.
 No. 96-17331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-03719-FMS; Fern M. Smith, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sylvia Sylvester, a former federal prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Sylvester's action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of her Eighth Amendment and due process rights when Sylvester was detained at FCI Dublin past her amended release date. Sylvester also appeals the district court's denial of her motion to amend her complaint to name Doe defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and denial of a motion to amend a complaint for abuse of discretion, see Keams v. Tempe Technical Inst., 110 F.3d 44, 46 (9th Cir.1997). We affirm.
 
 
 3
 We agree with the district court that Sylvester failed to create a genuine issue of material fact as to whether defendants had the requisite state of mind necessary to establish a violation of her Eighth Amendment rights. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). We also conclude that Sylvester failed to create a genuine issue of material fact as to whether defendants' actions amounted to more than mere negligence in regards to her due process claim. See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir.1989).
 
 
 4
 We conclude that the district court did not abuse its discretion by denying Sylvester's motion to amend her complaint to name Doe defendants. See Keams, 110 F.3d at 46.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3